ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 APR -2 AM 11: 35
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| CATERPILLAR FINANCIAL SERVICES CORPORATION, | * | |
| Plaintiff, | * | |
| v. | * | CV 314-023 |
| JOSHUA KIGHT, in his official capacity as Conservator for Claude Graham, | * | |
| Defendant. | * | |

# O R D E R

On March 6, 2014, Plaintiff filed a complaint seeking to collect amounts purportedly owed by then Defendant Claude Graham ("Graham") as personal guarantor to multiple commercial notes that were secured by heavy equipment as collateral. On September 24, 2014, Plaintiff filed a motion for summary judgment. (Doc. no. 17.) Responses were due on or before October 20, 2014.

On October 16, 2014, Graham's counsel filed a consent motion to extend that deadline by sixty days in order to address complications related to Graham's early and rapid onset of dementia. (Doc. no. 21.) Counsel asserted that, although the legal issues regarding the enforcement of the purported guarantee are not complicated, the liquidation of

the amount of the claim is complicated by the number of outstanding loan agreements, the numerous separate sales of collateral, and Graham's Chapter 11 bankruptcy filing that had recently been converted to a Chapter 7 liquidation case. (Id.) The Court granted the extension and reset the deadline for December 20, 2014. (Doc. no. 22.)

On December 18, 2014, Graham's counsel moved to substitute Joshua Kight, Conservator for Graham ("Kight"), as Defendant in this case. (Doc. no. 23.) This substitution was necessitated by Graham's severe dementia, which eliminated his capacity to manage his own financial affairs. Graham's counsel also requested a three month extension of the deadline for filing his response to Plaintiff's motion for summary judgment. (Doc. no. 24.) Counsel informed the Court that Kight had reviewed all discovery, identified issues regarding Plaintiff's calculation of the purported remaining balance under multiple commercial contracts, and had relayed his concerns to Plaintiff. The parties anticipated resolving the matter without significant additional litigation. (Id.) Graham's counsel explained that if Kight were substituted for Graham as Defendant in this case and if the parties reach an agreement regarding a consent judgment, then that settlement agreement must be approved by the Probate Court for Dodge County, Georgia. Upon that court's approval, Kight would be

2

authorized to execute any settlement agreement and entry of a consent judgment. For those reasons, Graham's counsel requested his deadline to respond to Plaintiff's motion for summary judgment be extended from December 20, 2014, to March 23, 2015. (Id.)

For good cause shown, the Court granted the substitution of parties pursuant to Federal Rule of Civil Procedure 25(b) and extended the deadline to March 23, 2015. (Doc. nos. 25 & 26.) That deadline has now passed and Defendant Kight has filed no response to Plaintiff's motion for summary judgment.

**IT IS THEREFORE ORDERED** that, on or before April 30, 2015, Plaintiff shall inform the Court whether it intends to withdraw or advance its motion for summary judgment.

**IT IS FURTHER ORDERED** that, on or before April 30, 2015, Defendant Kight shall file a response to Plaintiff's motion for summary judgment or an otherwise responsive pleading. If Defendant fails to do so, the Court may deem Plaintiff's motion for summary judgment as unopposed and enter judgment against Defendant.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of April, 2015.

UNITED STATES DISTRICT JUDGE

3